## HENRY ROCKEFELLER vs. HENRY WEIDERWAX.

Where the Plaintiff brought a suit upon a note, and before the time to answer expired, the Defendant tendered to the Plaintiff's attorney the amount claimed to be due on the note, principal and interest, which he refused to receive, on the ground that he was also entitled to $7 costs, *held,* on a motion by Defendant to stay all Plaintiff's

proceedings, and that the note be delivered up, that the Plaintiff was entitled to such costs, and the amount should have also been tendered, in order to have made such tender of any avail to the Defendant.

*Albany, January,* 1849.—This action was brought upon a note. The summons and complaint were served on the 20th December, 1848. On the 2d of January following, the Defendant tendered to the Plaintiff's attorney the amount claimed upon the note, principal and interest, which he refused to receive, on the ground that he was also entitled to $7 costs.

The Defendant now moves that, upon paying the amount due, an order may be made staying all further proceedings in the suit, and that the note be delivered up.

J. H. REYNOLDS, *for Defendant.*

G. VAN SANTVOORD, *for Plaintiff.*

HARRIS, Justice.—The Defendant's counsel insists that no costs are allowable to a Plaintiff, unless the action proceeds to judgment. This position is founded upon the terms used in the 258th and 289th sections of the code. These sections provide that " there may be allowed to the prevailing party, *upon the judgment,* certain sums by way of indemnity, &c., called costs, and that costs shall be allowed of course to the Plaintiff," *upon a recovery,* &c. From these expressions, it is inferred that it was not the intention of the framers of the code to allow costs where no recovery is had. But I think this construction of the law cannot be sustained. It is manifest from the distribution of costs along the several stages of the action, found in the 262d section, that it was intended to provide for the indemnity of the prevailing party, when the suit should terminate before judgment. Else, why give a certain amount for all the proceedings *before notice of trial*—a certain other amount for proceedings between the notice of trial and the trial, and then, a still further amount for the trial itself. If costs are only to be allowed when there is a recovery, why not prescribe the amount in a single sum?

Again, substantially the same language is found in the provisions of the Revised Statutes, under which costs were before recoverable. By the third section of the title relating to the cases in which costs may be recovered, (2 R. S. 613,) it is provided that in certain cases "*if the Plaintiff recover judgment,*" &c., he shall recover costs, &c.—and yet it never was contended that in such cases the Plaintiff was not entitled to costs, as far as he had proceeded, if the Defendant should satisfy his claim before proceeding to judgment. This practical construction of language, so identical, seems conclusive as to the intent of the Legislature.

And besides, a party is never bound to accept a tender. The only way in which the party making a tender after suit brought, can make such tender available, is in the manner provided in the Revised Statutes, (2 R. S., 553, §§ 20, 21, 22.) The costs of the action to the time of making the tender, must be tendered as well as the amount due. The Plaintiff has a right to proceed to judgment whether a tender is made or not, but it is at the peril of being himself charged with costs, if it shall appear that at any time before trial an amount equal to his demand *and the costs* up to the time of the tender, has been tendered. But the tender of the costs can no more be dispensed with, than the tender of any part of the demand. In this case the tender is defective in not including costs, and the Plaintiff is entitled to proceed with his action without even incurring the hazard of being charged with costs by reason of the tender. The motion is, therefore, denied.